# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-923V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| ERIC NOWAK, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: April 3, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUM. SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Leigh Finfer,* Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Traci R. Patton,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 14, 2024, Eric Nowak ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleged that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on January 29, 2019. *See id.* On July 12, 2024, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted in a Decision awarding compensation filed that same day. ECF Nos. 60, 61. Petitioner was awarded $33,000.00. ECF No. 61.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On August 14, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 66. Petitioner requests attorneys' fees and costs in the amount of $23,147.70, consisting of $18,785.10 in attorneys' fees and $4,362.60 in attorneys' costs. Fees App. at 2. Petitioner indicates he personally has not incurred any costs related to the prosecution of his petition. *Id.* Respondent responded to the motion ("Fees Resp.") on August 14, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3 (ECF No. 69). Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.   Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**A.   Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leigh Finfer, $200.00 per hour for work performed in 2020, $225.00 per hour for work performed in 2021, $250.00 per hour for work performed in 2022, $275.00 per hour for work performed in 2023, and $300.00 per hour for work performed in 2024; and for Mr. Paul Brazil, $350.00 per hour for work performed in 2020. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Johnson v. Sec'y of Health & Hum. Servs.*, No. 20-1008V, 2024 WL 5375811, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2024).

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program, regardless of who performs such tasks. *See*, *e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387) ("[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."). Administrative and clerical tasks "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. Several entries in the submitted billing records, totaling 3.8 hours, were for clerical or administrative tasks; specifically, for filing documents in CM/ECF. *See* Fees App. Ex. A. Examples include (but are not limited to):

- July 29, 2020, 0.20 hours billed at $200.00 by Ms. Finfer to "E-file Petition and Exhibits";

- October 2, 2020, 0.10 hours billed at $150.00 by paralegal Ms. Tereza Pavlacsek to "E-file SR";

- December 10, 2021, 0.10 hours billed at $225.00 by Ms. Finfer to "E-file status report";

- February 17, 2023, 0.10 hours billed at $177.00 by Ms. Pavlacsek to "E-file ex 13-14".

*See id.* These clerical and administrative tasks resulted in $668.50 in charged fees. Accordingly, I find that a **$668.50** reduction in attorneys' fees, for the 3.8 hours billed for electronically filing documents, is appropriate.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$18,116.60**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $4,362.60 in attorneys' costs. This amount consists of costs associated with acquiring medical records, the Court's filing fee, postage, and vocational expert

services provided by Labor Market Consulting Services, which were billed at $190.00 per hour for 17.7 hours, totaling $3,363.00. Fees App. Ex. B at 1. Petitioner has provided adequate documentation supporting all requested costs and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and I award them in full.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $18,785.10 |
| (Reduction to Fees) | ($668.50) |
| **Total Attorneys' Fees Awarded** | **$18,116.60** |
| | |
| Attorneys' Costs Requested | $4,362.60 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,362.60** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$22,479.20** |

**Accordingly, I award a lump sum in the amount of $22,479.20, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).